UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| **BRIAN JUDE,** | **CIVIL ACTION NO. 5:15-cv-57-KKC** |
| **Plaintiff,** | |
| **V.** | **MEMORANDUM OPINION & ORDER** |
| **HITACHI AUTOMOTIVE SYSTEMS AMERICA, INC.,** | |
| **Defendant.** | |

*** *** ***

This matter is before the Court on a motion for summary judgment filed by Defendant Hitachi Automotive Systems Americas, Inc.'s (Hitachi). (DE 14.) For the following reasons, the Court will grant Defendant's motion.

## I. BACKGROUND

On March 6, 2015, Hitachi removed this action form the Madison Circuit Court. (DE 1.) In his state court complaint, Plaintiff Brian Jude alleges that in December, 2014, Hitachi wrongfully terminated his employment as a lathe operator at its Berea, Kentucky facility in violation of the Family Medical Leave Act, 29 U.S.C. §§ 2601, *et seq*. (FMLA). (DE 1-1 at 3.) Jude also claims that Hitachi discriminated against him for opposing practices prohibited under the Act. 29 U.S.C. §2615.

In its motion for summary judgment, Hitachi maintains that it lawfully terminated Jude's employment because of unexcused absenteeism and tardiness. In response, Jude, who was an eligible employee under the FMLA, contends that his absences should have been excused under the Act.

On February 3, 2014, Hitachi issued to Jude a written reprimand in the form of a Corrective Action. As the basis for the Corrective Action, Hitachi cited one instance of tardiness and five unexcused absences that occurred between November 4, 2013, and January 14, 2014. (DE 14-3 at 80.) The Corrective Action noted that Jude had received two earlier written reprimands, one for absenteeism and another for quality control issues. Further, the reprimand directed Jude to comply with the company's attendance policy or face termination. (DE 14-3 at 9.)

Within 90 days of the written reprimand, Jude accrued five additional unexcused absences, only three of which are the subject of his FMLA claim. These absences occurred on November 21, 22,and 24, 2014. (DE 14-3 at 81.) Jude claims that on those dates, he was debilitated by an upper respiratory infection and that Hitachi should have excused his absences. (DE 14-3 at 78.) Hitachi contends that medical evidence does not suggest that Jude was incapacitated by an illness sufficiently serious to qualify for coverage by the FMLA.

## II.  ANALYSIS

### A.  Applicable Law

Summary judgment is appropriate where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving parties bear the initial burden and must identify "those portions of the pleadings . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal citations omitted). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 322–25. Once

the movant meets the initial burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.*, 477 U.S. at 324. Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

Jude asserts claims under both theories of recovery authorized by the FMLA: (1) that the employer interfered with his rights guarnteed under the FMLA; and (2) that it discriminated against him for opposing practices prohibited under the Act. 29 U.S.C. § 2615. . The FMLA affords eligible employees up to twelve weeks of unpaid leave during any twelve month period for a serious health condition that renders them unable to perform the functions of their positions. *See* 29 U.S.C. § 2612(a)(1)

The parties' dispute centers on whether FMLA protection extends absences caused by Jude's alleged upper respiratory infection. To prevail on his claims, Jude must first demonstrate that he was entitled to leave under the FMLA as a result of a qualifying serious health condition.

The FMLA defines a "serious health condition" as "an illness, injury, impairment, or physical or mental condition that involves . . . continuing treatment by a health care provider." 29 U.S.C. § 2611(11). The Secretary of Labor was authorized to promulgate

3

regulations "necessary to carry out" the FMLA. 29 U.S.C. § 2654. These regulations further clarify the characteristics of a "serious health condition" under the FMLA:

> A serious health condition involving continuing treatment by a health care provider includes . . . [a] period of incapacity of more than three consecutive, full calendar days, and any subsequent treatment or period of incapacity relating to the same condition, that also involves [one of several qualifying types of continuing treatment.]

29 C.F.R. § 825.115(a). Thus, to avoid summary judgment, Jude must show (1) that he was unable "to work, attend school or perform other regular daily activities due to [a] serious health condition" (2) for more than three consecutive, full calendar days. 29 C.F.R. § 825.113; *See Lackey v. Jackson Cty., Tenn.*, 104 F. App'x 483, 490 (6th Cir. 2004) ("Not all medical problems are subject to the FMLA. It is Plaintiff's burden to establish that his medical problems are severe enough to warrant the FMLA protection."). Whether Plaintiff was suffering from a serious health condition as defined by the Department of Labor is a question of law appropriate for this Court's determination on Summary Judgment. *See Hornbuckle v. Detroit Receiving Hospital & University Health Center*, 407 F. Supp. 2d 853, 860 (E.D. Mich. 2005).

**B. Incapacity**

In its motion for summary judgment, Hitachi contends that Jude has not offered sufficient evidence to support his claim for coverage under thee under the FMLA. . (DE 14-1 at 13.) In response, Jude points to his own deposition testimony and records of his November 22, 2014 visit to the Berea Urgent Care and his November 24, 2015, visit to St. Joseph Berea hospital. (DE 18 at 5–6.)  For reasons stated below, this Court finds that the medical records do not support the Plaintiff's claim of debilitation or incapacity as required by the FMLA.

4

The record of Jude's November 22, 2014 visit to Berea Urgent Care chronicle his complaints of sinus pressure, congestion, drainage, and cough. (DE 15 at 4.) The records do not indicate that Jude had a fever. The only recorded symptoms include sinus tenderness and wheezes in the respiratory lobes. The record reflects a diagnosis of cough and "acute sinusitis." During the visit, Jude was treated with albuterol and injected with antibiotics. Jude was also given prescriptions for Flonase, additional albuterol, and another antibiotic. (DE 15 at 4.) Among the menu of treatment recommendations listed on the medical record, the provider marked the recommendation for increased fluids but did not mark the recommendation of "rest.". The Discharge instruction merely directed Jude to increase fluid consumption, follow-up with his primary care physician, or go to the emergency room if symptoms worsened or did not improve. (DE 15 at 4.) Judge was provided with a "Work Absence Excuse," which extended to the previous day, November 21. The document stated that Jude would be able to return to work on November 24. (DE 15 at 5.)

The record of Jude's November 24, emergency room visit reflects that he was diagnosed with an upper respiratory infection, nasal congestion, and prescribed Sudafed and Flonase. (DE 15-1 at 4–5.) The parties heavily dispute whether Plaintiff received a doctor's excuse following this visit. Even assuming that a note was issued consistent with Jude's testimony, the excuse would be deficient for purposes of documenting a "serious medical condition" of such duration as to fall within the FMLA.[1] Plaintiff testified that the

---

[1] Notably, if this Court were to find otherwise, Plaintiff's claim would fail even if this Court assumed the Berea Urgent Treatment note established his incapacity prior to November 24. In the absence of the alleged emergency room note Plaintiff could not satisfy the duration requirement for a "serious medical condition." *See* The Family and Medical Leave Act of 1993, 73 FR 67934-01 ("The final rule does make one minor clarification . . . that the test cannot be met by partial days. To eliminate any possible misunderstanding of the existing requirement, the word 'full' is added to the test in the final rule (i.e., a period of incapacity of more than three consecutive, 'full' calendar days).").

5

document noted "sinus congestion, wheezing" and requested an excuse for November 24 due to illness, "just like a normal excuse." (DE 18-2 at 92.)

Jude relies on the "work excuses" as his primary evidence of incapacity. At best, these "excuses" reflect the date of the visit and that Jude requested a written excuse from work. While these kinds of excuses tend to bolster a claim of incapacity when viewed in conjunction with examination and treatment notes, they are not alone sufficient to establish a right to FMLA protection. Plaintiff's medical records reveal symptoms more akin to the types of minor illnesses that both the Sixth Circuit and the Department of Labor have found insufficient to justify FMLA protection. *See* 29 C.F.R. § 825.113(d) ("Ordinarily, unless complications arise, the common cold, the flu, ear aches, . . . etc., are examples of conditions that do not meet the definition of a serious health condition and do not qualify for FMLA leave."); *Beaver v. RGIS Inventory Specialists, Inc.*, 144 F. App'x 452, 456 (6th Cir. 2005) ("sinusitis, bronchitis, and an ear infection . . . are all routine, short-term illnesses not covered by the FMLA").

Plaintiff suggests that his burden might be satisfied by a facially ambiguous standard form excuse, without the aid of an affidavit from either of his treating healthcare professionals suggesting either that Plaintiff himself was incapacitated, or that excuses are generally only issued in cases of debilitating illness. (DE 18 at 20.) This Court cannot hold that Congress established such a low bar for establishing entitlement to FMLA protection. Plaintiff's treatment notes suggest no more than a short-term illness that does not qualify for leave under the FMLA. In short, "aside from Plaintiff's own allegations and, at best, ambiguous doctor notes, no evidence was presented to establish that Plaintiff ha[d] a 'serious health condition.' " *Lackey v. Jackson Cty., Tenn.*, 104 F. App'x 483, 489 (6th Cir. 2004). The Court finds that Plaintiff has not shown he had a serious medical condition.

Because Plaintiff has not satisfied this threshold burden "the Court's inquiry is over and summary judgment is appropriate." *Olsen v. Ohio Edison Co.*, 979 F. Supp. 1159, 1165 (N.D. Ohio 1997).

Accordingly, **IT IS ORDERED** as follows:

1. Defendant's Motion for Summary Judgment (DE 14) is **GRANTED**;

2. All other pending motions are **DENIED AS MOOT**;

3. This matter is **STRICKEN** from the Court's active docket.

Dated July 22, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY